Shi v. Sessions

BIA
Vomacka, IJ
A205 277 778

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand eighteen.

PRESENT:
>  JON O. NEWMAN,
>  GERARD E. LYNCH,
>  CHRISTOPHER F. DRONEY,
>  *Circuit Judges.*

_____

YAN LIN SHI,
>  *Petitioner,*

>  v.                                16-4185
>                                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, New York, NY.

FOR RESPONDENT:        Chad A. Readler Acting Assistant
                       Attorney General; Nancy Friedman,
                       Senior Litigation Counsel; Gregory
                       A. Pennington, Jr., Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Lin Shi, a native and citizen of the People's Republic of China, seeks review of a November 29, 2016, decision of the BIA affirming an October 8, 2015, decision of an Immigration Judge ("IJ") denying Shi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Lin Shi,* No. A205 277 778 (B.I.A. Nov. 29, 2016), *aff'g* No. A205 277 778 (Immig. Ct. N.Y. City Oct. 8, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and consider only the bases that the IJ relied on for the credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-

2

66 (2d Cir. 2008). In making a credibility determination, the agency must "[c]onsider[] the totality of the circumstances" and may base its determination on the applicant's "demeanor, candor, or responsiveness, . . . the inherent plausibility of the applicant's . . . account," inconsistencies or omissions in the applicant's statements or between her statements and other evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. We conclude that there is substantial evidence for the adverse credibility determination given the inconsistencies between Shi's testimony and documentary evidence, her intentional misstatements during her credible fear interview, and her implausible testimony.

## Inconsistencies

The agency reasonably relied on Shi's inconsistent descriptions of church services in China. 8 U.S.C. § 1158(b)(1)(B)(iii). Shi testified that she never met a pastor while attending house church services, but wrote in her asylum application that "our pastor brought some Bibles for us when he came to give preaching" and that "only the pastor had [a Bible] in his hands." The IJ reasonably concluded that these competing descriptions called into question Shi's actual knowledge of the services. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000))). Shi's explanation that typically there is no pastor did not resolve the inconsistency, particularly because she repeated that there was never a pastor at the services she attended. The IJ was not required to credit Shi's explanation that other worshipers told her that the pastor had a Bible. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a

4

plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Credible Fear Interview

The agency reasonably relied on Shi's admission that she misrepresented her Christianity to an asylum officer during her credible fear interview. "We have frequently . . . held [that] an IJ's application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything] may at times be appropriate." *Siewe*, 480 F.3d at 170 (internal quotation marks omitted). In her asylum application, Shi admitted to misrepresenting her practice of Christianity to the asylum officer. The agency reasonably rejected her explanation that she was following a snakehead's advice given the frequency of Chinese Christian asylum applicants. The IJ reasonably inferred that Shi's explanation was likely fabricated to explain her lack of knowledge of Christianity at the time of her credible fear interview, particularly as she testified—inconsistently with her application—that everything she

5

said at her interview was true, and she was unresponsive when confronted with the admission in her application that she had provided false information. *Siewe*, 480 F.3d at 168-69 ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

Implausibility

Finally, the agency reasonably deemed Shi's testimony about her passport implausible.  The IJ was permitted to draw inferences "from direct and circumstantial evidence," which is a "routine and necessary task of any factfinder." *Id.* at 167.  Shi was not clear about when and how she obtained her passport and then conceded that she obtained it shortly before she allegedly began attending a church. The IJ reasonably inferred that her inconsistent answers were attempts to conceal that she obtained her passport (and thus anticipated travel abroad) before she began her purported church involvement.  *Id.* at 168-69.

The agency reasonably determined that Shi's ability to depart China using her own passport and later obtain a new passport from the Chinese consulate in the United States, despite being wanted by Chinese police, was implausible. *See Ying Li v. Bureau of Citizenship & Immigration Servs.*, 529 F.3d 79, 83 (2d Cir. 2008). The IJ's finding was grounded in the record given the report from the Australian government detailing the comprehensive database Chinese authorities use at airports to ensure that fugitives are prevented from leaving the country. *See Siewe*, 480 F.3d at 168-69.

Given the inconsistencies about Shi's actual involvement in Christianity in China, her intentional misstatements about her religion, and the implausibility of aspects of Shi's explanations and departure from China, the "totality of the circumstances" supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because Shi challenges only the agency's adverse

credibility determination in her brief, we do not reach the agency's separate analysis of her practice of Christianity in the United States. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived).

For the foregoing reasons, the petition for review is DENIED. The motion for stay of removal is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court